UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| GLENN FRED GLATZ, | ) |  |  |
|---|---|---|---|
| Plaintiff, | ) |  |  |
| v. | ) | No.: | 3:22-CV-235-DCLC-DCP |
| RONALD CROCKETT NEWCOMB, et al., | ) |  |  |
| Defendants. | ) |  |  |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner housed in the Knox County Detention Facility, has filed a Complaint under 42 U.S.C. § 1983 [Doc. 2] and motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will grant Plaintiff's motion and dismiss this action as frivolous.

I.  **MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion [Doc. 1] that he lacks the financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

### B. Plaintiff's Allegations

On July 22, 2019, Plaintiff pleaded guilty to an undisclosed offense in the Sevier County Circuit Court and was sentenced by Judge Gass to serve a two-year term of incarceration with pretrial jail credit awarded [Doc. 2 p. 5-7]. By Plaintiff's guilty plea date, he feared his life was in danger at the Sevier County Jail because he had been beaten, set on fire, and deputies told "other dangerous prisoners horrible lies" about him [*Id*.]. Therefore, when Assistant District Attorney ("ADA") Ronald Newcomb and Assistant Public Defender ("APD") Alexandra Deas-McMahon presented him with a plea agreement stating "2 years, time served[,]" Plaintiff signed it [*Id*. at 8]. However, the prosecution and ADA Newcomb "had illegally written an unagreed to sentence on the Judgment paper[,]" sentencing Plaintiff to "'two years suspended to time served at 30%' which is cheating because Plaintiff had already served more than [two] years and never agreed to a suspended sentence" [*Id*.].

After Plaintiff signed his plea deal, an officer with the Knoxville Probation Office came and sat next to Plaintiff and told him to fill out paperwork [*Id*.]. Plaintiff was confused, as his plea deal had no mention of probation [*Id*.]. The officer told Plaintiff, "But the probation is for the remainder of the sentence" [*Id*.]. Since Plaintiff had already served two years, and the judge had given him pretrial jail credit, Plaintiff refused to sign up for probation [*Id*. at 8-9]. When Plaintiff asked to speak to Judge Gass and informed Judge Gass that he had not agreed to probation, Judge Gass also explained to Plaintiff that the probation was for the remainder of his sentence [*Id*.]. This explanation further confused Plaintiff, as he did not understand how any additional time could remain after the award of his pretrial jail credits [*Id*.]. Therefore, Plaintiff asked Judge Gass to "flatten" the two-year sentence, and Judge Gass asked, "Are you sure Mr. Glatz? Probation is a better deal than flattening!" [*Id*. at 9-10].

3

Ultimately, Plaintiff was sentenced under an Amended Judgment an hour later [*Id*. at 10]. Plaintiff, who now has copies of both his original and amended Judgments, "did not learn of the 'suspended' trick" until he received both copies [*Id*.]. As a result of the Amended Judgment, Plaintiff served an extra 720 days before he was released [*Id*. at 5, 10, 12]. Plaintiff contends that ADA Newcomb, District Attorney ("DA") James Dunn, APD Deas-McMahon and Sevier County conspired "to force Plaintiff into an illegal sentence" [*Id*. at 10].

Aggrieved, Plaintiff sues ADA Newcomb, DA Dunn, Tennessee Department of Correction ("TDOC") Commissioner Tony Parker, John Does, Jane Does, Sevier County, and APD Deas-McMahon for monetary damages [*Id*. at 11-13].

## III. ANALYSIS

### A. Defendant Tony Parker

To state a claim against Tony Parker individually, Plaintiff must adequately plead that Defendant Parker, by his own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell*, 436 U.S. at 691 (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff has not identified any personal involvement by Defendant Parker that would give rise to any individual § 1983 liability, and all individual-capacity claims against him will be dismissed.

Additionally, to the extent Plaintiff sues Defendant Parker in his official capacity, his claim is against Defendant Parker's successor, Frank Strada. *See, e.g., Tennessee Dep't of Corr.*, https://www.tn.gov/correction.html (last visited Aug. 21, 2023); Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). But by suing the TDOC Commissioner, Plaintiff is essentially suing the TDOC itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."). And because the TDOC is an arm of the State of Tennessee, suit against a TDOC employee in his official capacity is suit against the State. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State").

However, "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Hix*, 196 F. App'x at 355 (holding TDOC is not a "person" within meaning of § 1983). Additionally, the Eleventh Amendment prohibits suits against a state or its agencies in federal court for damages, unless Congress has abrogated its immunity, or the state has expressly waived it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-101 (1984); *Quern v. Jordan*, 440 U.S. 332, 345 (1979). This immunity extends to claims for injunctive and equitable relief. *See Lawson v. Shelby Cnty.*, 211 F.3d 331, 335 (6th Cir. 2000) ("[T]he [Eleventh] Amendment prohibits suits against a 'state' in federal court whether for injunctive, declaratory[,] or monetary relief."). The State of Tennessee has not waived its immunity to suit under § 1983. *Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983).

5

Accordingly, Plaintiff cannot maintain suit against Defendant Parker or his successor and all claims against him will be **DISMISSED**.

B.     **"State Actor" Requirement**

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

However, Plaintiff cannot sustain a § 1983 claim against his attorney, APD Des-McMahon, as "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Accordingly, Defendant Des-McMahon is entitled to be **DISMISSED** from this lawsuit.

C.     **Immune Defendants**

Plaintiff has sued Defendants ADA Newcomb and DA Dunn in connection with his criminal proceedings. However, a prosecutor is entitled to absolute immunity for activities connected with judicial proceedings. *See Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976) (holding "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983). Accordingly, Defendants Newcomb and Dunn will be **DISMISSED**.

D.     **Sevier County**

Plaintiff maintains that "Sevier County has in place policies and customs that fail to give sentenced prisoners credit for jail time served that the judge ordered to be applicable" [Doc. 2 p. 6]. However, Plaintiff cannot maintain an action against Sevier County "on a respondeat superior theory—in other words, 'solely because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747

6

F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691). Rather, "a municipality is liable under § 1983 only where, 'through its deliberate conduct,' it was 'the "moving force" behind the injury alleged.'" *Id*. (citation omitted). That is, a municipality may be liable only if the plaintiff identifies an "illegal policy or custom" that caused a violation of the plaintiff's constitutional rights. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Plaintiff has made a conclusory allegation of "policies and customs" by Sevier County but alleges that the fault for his alleged mis-sentencing lies with the prosecution and his public defender. Therefore, Plaintiff has not identified a basis for imposing liability against Sevier County itself, and this Defendant will be **DISMISSED**.

### E. Frivolity

Plaintiff seeks monetary damages in connection with a Sevier County judgment against him. But Plaintiff cannot obtain any monetary compensation in relation to the Sevier County judgment until he can first prove that his conviction or sentence for that crime "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding plaintiff must demonstrate unlawfulness of his conviction or confinement prior to pursuing a § 1983 suit challenging criminal judgment). Plaintiff has not demonstrated the invalidity of his Sevier County conviction or sentence, and thus, any claim for damages based on the fact of that incarceration must be **DISMISSED** as frivolous. *See Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (affirming district court judgment that *Heck*-barred claim fails to state a claim and is frivolous).

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Plaintiff's Complaint will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and

5. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge